# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ALLYSON HOWELL and EMILY WALKER,

    Plaintiffs,

v.                              Case No. 3:17-cv-641-J-32JRK

CITY OF LAKE BUTLER, a municipality, MICHAEL BANKS, Individually, and THOMAS JENKINS, III, Individually,

    Defendants.

## **O R D E R**

In this sex discrimination case, the question arises: Is the determination whether volunteer firefighters are "employees" within the meaning of Title VII a question of subject matter jurisdiction or part of a prima facie Title VII case? The case is before the Court on Defendants' Motion to Dismiss, (Doc. 9), to which Allyson Howell and Emily Walker (collectively "Plaintiffs") responded, (Doc. 15). The City of Lake Butler, Michael Banks, and Thomas Jenkins (collectively "Defendants") contend that the Court lacks subject matter jurisdiction because Plaintiffs are volunteers and not employees under Title VII. (Doc. 9 at 4–7). Additionally, Defendants assert that Plaintiffs fail to state a claim because they

do not sufficiently plead: (1) an employment relationship between the City and the individuals accused of the discriminatory conduct; and (2) a basis for imputing liability to the City. (Doc. 9 at 17–20).

**I.  BACKGROUND**

Howell began service with the Lake City Fire Department in 2008, and Walker began service with the Department in February, 2015. (Doc. 1 ¶¶ 19–20). Plaintiffs are females, (Doc. 1 ¶¶ 31, 39), and were "subjected to repeated instances of sexual harassment" by Banks, Jenkins, and other male firefighters. (Doc. 1 ¶¶ 21–22). At the time of the alleged harassment, Banks was the chief of the Department. (Doc. 1 ¶ 21). The Complaint describes eleven instances of harassment by male firefighters occurring from January, 2014 through October, 2015. (Doc. 1 ¶ 23). One egregious example of the alleged conduct states: "Defendant, Jenkins, walked over to Plaintiff, Howell, grabbed her head, put his crotch in her face, and started thrusting. Plaintiff, Howell, told him to get off of her[,]" to which Jenkins responded with inappropriate and potentially threatening comments. (Doc. 1 ¶ 23(h)). The remaining ten instances were similarly inappropriate and perverse. (Doc. 1 ¶ 23).

In early November, 2015, Plaintiffs reported the harassment to City Manager David Mecusker, who told Plaintiffs to write statements and bring them to his office the following morning. (Doc. 1 ¶ 24). The following day, Plaintiffs went to Mecusker's office at City Hall and provided him with the

2

written statements. (Doc. 1 ¶ 25). Mecusker informed Plaintiffs that he would start an investigation. (Doc. 1 ¶ 25). Shortly thereafter, Banks was put on leave with pay, but then resigned. (Doc. 1 ¶ 26). A female was appointed to interim chief, and she pressured Plaintiffs to write a letter to the City seeking Banks's reinstatement, but Plaintiffs refused to write such a letter. (Doc. 1 ¶¶ 27–28). In April, 2016, Plaintiffs' positions with the Department were eliminated. (Doc. 1 ¶ 29).

Plaintiffs each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), and received the right to sue. (Doc. 1 ¶ 14–15). On June 7, 2017, Plaintiffs filed a sixteen count complaint alleging: sexual harassment and retaliation by the City in violation of the Florida Civil Rights Act ("FCRA") (Counts I–IV); sexual harassment and retaliation by the City in violation of Title VII (Counts V–VII); assault and battery claims against Banks (Counts IX–XII); and assault and battery claims against Jenkins (Counts XIII–XVI). The parties are not diverse, and of the sixteen counts, only the Title VII claims provide the Court with a basis for federal question jurisdiction. 28 U.S.C. § 1331. Plaintiffs seek resolution of remaining claims pursuant to the Court's supplemental jurisdiction. Id. § 1367.

Defendants filed a motion to dismiss the Complaint pursuant to both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 9 at 4, 16).

3

Defendants contend that the Court lacks subject matter jurisdiction because Title VII only provides relief to employees, and because Plaintiffs were volunteer firefighters they are barred from asserting a Title VII claim. (Doc. 9 at 4–7). Because only the Title VII claims support original jurisdiction, Defendants assert that the Court should refuse to exercise supplemental jurisdiction over the remaining claims. (Doc. 9 at 16). Further, the motion to dismiss states that even if jurisdiction is proper, the complaint fails to state a claim because it does not allege an employment relationship between the City and the harassers, and fails to demonstrate that the City knew of the harassment. (Doc. 9 at 17–20). Both, Defendants contend, are required to support a basis for holding the City liable for the harassment. (Doc. 9 at 17–18).

## II. ANALYSIS

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise [] discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a) (2012).[1] "While the statute does not define 'any individual,' in the Eleventh Circuit and elsewhere, only those plaintiffs who are 'employees' may bring a Title VII suit." Maeder v. Tom Bush

---

[1] Although this Order only addresses Title VII, the same analytical framework and proof requirements apply to employment discrimination claims under the FCRA. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015).

4

Auto-Plex, Inc., No. 3:14-CV-335-J-34PDB, 2015 WL 1277925, at *2 (M.D. Fla. Mar. 20, 2015) (quotations omitted).

**A. Jurisdictional Challenge**

The parties assert that Plaintiffs must be "employees" under Title VII for the Court to have subject matter jurisdiction. (Doc. 9 at 4–8; Doc. 15 at 2). Both parties urge the Court, on the Rule 12(b)(1) motion, to review the affidavits and exhibits to determine whether Plaintiffs were employees. Defendants assert that under the Eleventh Circuit's remuneration test, Plaintiffs did not receive sufficient compensation to be considered employees, and as such, the complaint should be dismissed for lack of jurisdiction. (Doc. 9 at 11). Plaintiffs contend that their compensation is sufficient to create a factual issue. (Doc. 15 at 5–6).

Whether plaintiffs are "employees" under Title VII "is an element of a plaintiff's claim for relief, not a jurisdictional issue." Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006). The United States Supreme Court provided a "bright line" administrable test to determine if a statutory limitation is jurisdictional. Id. at 510–16. To make such a determination, a court should "inquire whether Congress has 'clearly stated' that the rule is jurisdictional; absent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.'" Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 153–54 (2013). In Arbaugh, the Supreme Court considered the provision of Title VII that restricts its applicability to employers with fifteen or more employees. 546 U.S. at 510.

5

Reasoning that Congress did not clearly state that the limitation was jurisdictional, the Supreme Court held that the requirement is a substantive element of the plaintiff's case, not a jurisdictional bar. Id.

Although Arbaugh only reviewed whether the numerosity requirement for employers was jurisdictional, its analysis and holding apply here. See id. Title VII does not explicitly state that a plaintiff must be an employee, let alone make such a requirement jurisdictional. See § 2000e; Arbaugh, 546 U.S. at 514. Like the numerosity requirement, "[n]othing in the text of Title VII indicates that Congress intended the courts, on their own motion, to assure that" plaintiffs were employees. See Arbaugh, 546 U.S. at 514. "Title VII's jurisdictional provision, § 2000e-5(f)(3), says nothing about the plaintiff having to prove that she is an 'employee' in order for the district court to have subject matter jurisdiction over the action." Adams v. Arizona Senate, No. CV-17-00822-PHX-DLR, 2017 WL 2876630, at *2 (D. Ariz. July 6, 2017). Instead, courts have judicially crafted the requirement that a plaintiff be an employee. See Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1242 (11th Cir. 1998) ("The statute does not define 'any individual,' and although we could read the term literally, we have held that only those plaintiffs who are 'employees' may bring a Title VII suit.").

Post-Arbaugh, the Eleventh Circuit has not considered whether a plaintiff's status as an employee is a jurisdictional bar;[2] however, another court from within this Circuit has. See Blevins v. City of Tuskegee, No. 3:10-CV-619-WKW, 2011 WL 855334, at *6 (M.D. Ala. Mar. 11, 2011). Blevins examined whether a previous ruling—that a Title VII plaintiff was not an employee—was an adjudication on the merits for res judicata purposes. Id. at *5. The plaintiff in Blevins argued that the prior ruling meant the court lacked subject matter jurisdiction, and therefore was not an "adjudication on the merits." Id. However, the court stated that Title VII contained no indication that Congress intended the definition of "employee" to be jurisdictional. Id. at *6. Further, the court held that "[b]ased upon Arbaugh's 'bright line' rule, the finding in [the prior case] that [the plaintiff] was excepted from the definition of a Title VII 'employee' and, thus, not entitled to Title VII's protections did not bear on the court's jurisdiction." Id.

The Court is aware of several post-Arbaugh decisions from within the Eleventh Circuit that held that the employee determination is jurisdictional. See, e.g., Waziry v. HR Club Mgmt., LLC, No. 13-60333-CIV, 2013 WL 3834392, at *2 (S.D. Fla. July 24, 2013) ("Under both Title VII and the ADEA, whether

---

[2] The parties rely on Llampallas for the proposition that whether a plaintiff is an employee is jurisdictional. (Doc. 9 at 4; Doc. 15 at 2). Although Llampallas does state that the employee requirement is jurisdictional, the case was decided before Arbaugh and is no longer valid support for that assertion.

7

the Plaintiff is an 'employee' bears both on subject-matter jurisdiction and the substantive claim for relief."); Cherrington v. Barry Univ., Inc., No. 6:08-CV-2051-ORL-22KRS, 2009 WL 10670293, at *2 (M.D. Fla. Dec. 2, 2009) ("The issue of who is an 'employer' and 'employee' under Title VII bears on subject matter jurisdiction."). However, these decisions failed to mention Arbaugh or its "bright line" rule, and thus are unpersuasive on that basis. See Waziry, 2013 WL 3834392, at *2; Cherrington, 2009 WL 10670293, at *2.

Outside of the Eleventh Circuit, at least two other circuits and several district courts have determined that a plaintiff's status as an employee in a Title VII case is a merits issue and not jurisdictional. See, e.g., Townsend v. Shook, 323 F. App'x 245, 250 (4th Cir. 2009) (unpublished decision); Xie v. Univ. of Utah, 243 F. App'x 367, 371–72 (10th Cir. 2007) (unpublished decision); Adams, 2017 WL 2876630, at *2; Donatello v. Cty. of Niagara, No. 15-CV-39V, 2016 WL 3090552, at *6 (W.D.N.Y. June 2, 2016); Hall v. Allied Const. Servs., Inc., No. CIV.A. 14-5802, 2015 WL 1725746, at *2 (E.D. Pa. Apr. 15, 2015); Levin v. Madigan, 697 F. Supp. 2d 958, 963 (N.D. Ill. 2010); Harris v. Att'y Gen., 657 F. Supp. 2d 1, 8 (D.D.C. 2009). Examining the same issue, the Levin court stated:

> Applying th[e Arbaugh] rule here, Congress' failure to designate "employee" status as a threshold jurisdictional issue means that the Court should treat this restriction as nonjurisdictional. Indeed, Congress included the definition of "employee" in the same section as the definition of "employer" at issue in Arbaugh and has not suggested that the definition of "employee" has any greater jurisdictional significance than the definition of "employer."

8

> Accordingly, Arbaugh requires that the Court characterize Plaintiff's "employee" status as a question relating to the merits of his case rather than as a jurisdictional issue.

Levin, 697 F. Supp. 2d at 963 (citations and quotations omitted).

Thus, the requirement that Plaintiffs be employees is not a jurisdictional bar. Although Plaintiffs ultimately must prove that they were City employees, they are not required to make this showing at the motion to dismiss stage.

**B. Failure to State a Claim**

A complaint need not contain detailed factual allegations of alleged discrimination, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), so long as it pleads enough facts to allow the court to draw a reasonable inference that the defendant committed the alleged misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To establish a prima facie case for hostile environment sexual harassment, the plaintiff must demonstrate that:

> (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of the employment; and (5) there is a basis for holding the employer liable for the harassment.

Furcron v. Mail Ctrs. Plus, LLC, 843 F.3d 1295, 1304–05 (11th Cir. 2016). While Defendants do not challenge the complaint's sufficiency as to the first four elements, they argue that the City cannot be held liable because the complaint: (1) alleges no facts demonstrating that Jenkins and Banks were City employees,

(Doc. 9 at 17); and (2) alleges no facts, beyond legal conclusions, demonstrating the City knew or should have known of the harassment, (Doc. 9 at 18–20).

Although a prima facie case is ultimately required to survive summary judgment, "[a] Title VII complaint need not allege facts sufficient to make out a classic prima facie case, but must simply provide enough factual matter to plausibly suggest intentional discrimination." <u>Evans v. Ga. Reg'l Hosp.</u>, 850 F.3d 1248, 1253 (11th Cir. 2017). Under this pleading standard, Plaintiffs have stated a plausible claim for sexual harassment. (<u>See</u> Doc. 1).

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 9) is **DENIED**.

2. Not later than **February 9, 2018**, Defendants shall file an Answer.

3. The parties will continue to be governed by the Case Management Scheduling Order (Doc. 18).

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of January, 2018.



TIMOTHY J. CORRIGAN
United States District Judge

jb

Copies to:

Counsel of record